FRANK FALZETTA, Cal. Bar No. 125146
SCOTT SVESLOSKY, Cal. Bar No. 217660
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780                    NOTE: CHANGES MADE BY THE COURT
Facsimile:   213.620.1398
Email        ffalzetta@sheppardmullin.com
             ssveslosky@sheppardmullin.com

COLRENA K. JOHNSON, Cal. Bar No. 143860
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130
Email        ckjohnson@sheppardmullin.com

Attorneys for Plaintiff and Counter-Defendant,
WEST AMERICAN INSURANCE
COMPANY and Third-Party Defendant       NOTE: CHANGES MADE BY THE COURT
LIBERTY MUTUAL INSURANCE
COMPANY (erroneously sued as Liberty
Mutual Insurance)

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| WEST AMERICAN INSURANCE COMPANY, an Indiana Corporation; | Case No. 2:21-cv-07751-CJC-(JPRx) |
| Plaintiff | **DISCOVERY MATTER** |
| v. | **STIPULATION FOR ENTRY OF PROTECTIVE ORDER** |
| SHAGHAL LTD., a California Corporation, | Judge:  Hon. Cormac J. Carney |
| Defendant. | Magistrate:  Hon. Jean P. Rosenbluth |
| AND RELATED COUNTERCLAIM AND THIRD PARTY COMPLAINT | Complaint Filed: September 29, 2021 |
| | Trial Date:        May 2, 2023 |

-1-

STIPULATED PROTECTIVE ORDER

Plaintiff and Counter-Defendant West American Insurance Company ("West American"), Third-Party Defendant Liberty Mutual Insurance Company ("Liberty Mutual"), Defendant, Counterclaimant and Third-Party Plaintiff Shaghal Ltd. ("Shaghal"), and Third-Party Defendant Ruben David Youssefyeh dba PARS American Insurance Agency ("Youssefyeh"), by and through their counsel, and under Rules 26(c) and 29(b) of the Federal Rules of Civil Procedure and Local Rule 7-1, have entered into this stipulation, and hereby request the Court's entry of the following Protective Order:

## I.

## PURPOSES AND LIMITATIONS

**A.** **Introduction**

Discovery in this action will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation is warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**B.** **Brief Statement of this Action**

On September 29, 2021, West American filed a Complaint for Declaratory Relief against Shaghal, seeking a declaratory judgment from the Court that West American properly rescinded two commercial general liability policies and related endorsements issued to Shaghal, or alternatively, that the insurance policies exclude coverage for Shaghal's claim for policy benefits.  West American alleges that Shaghal concealed and/or mispresented material facts when applying for insurance and seeking to increase the available limits under the policies by endorsement.  In the alternative, West American contends that the policies' Dishonest or Criminal

Acts Exclusion bar coverage for Shaghal's claim based on the conversion of Shaghal's goods by two third-party warehouses.

On October 20, 2021, Shaghal filed a Counterclaim against West American for breach of contract and breach of the implied covenant of good faith and fair dealing.  Shaghal denies that it failed to disclose material information and alleges that West American improperly refused to pay its claim under the policies.

Also on October 20, 2021, Shaghal filed a Third-Party Complaint against Youssefyeh alleging that Youssefyeh misrepresented the coverage available under the West American policies, failed to advise Shaghal what information it was required to disclose, and failed to obtain proper insurance coverage for its loss. Youssefyeh denies all allegations by Shaghal and alleges that Shaghal failed to disclose material information on its insurance applications.

**C.**   **<u>Good Cause Exists for the Issuance of a Protective Order to Protect Proprietary, Confidential, Business-Sensitive Information</u>**

Based on discovery requests to date, and the conference of counsel under Rule 26(f), discovery in this action will involve trade secrets, and other commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than the prosecution and defense of this action may be warranted.  Such confidential and proprietary materials and information consist of, among other things (i) confidential rating and underwriting information; (ii) information regarding employee training; (iii) confidential and proprietary information regarding business practices, policies and procedures; and (iv) information which may otherwise be privileged or protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

By way of example, Youssefyeh has requested documents from West American regarding: (i) American's application processes; (ii) West American's internal underwriting policies and practices; and (iii) West American's agency agreements with its producers.  In addition, as identified in the Parties Rule 26(f)

STIPULATED PROTECTIVE ORDER

1   report, Shaghal  will also request West American's claims handling policies and

2   procedures and related information.  These requests seek information that West

3   American contends is confidential and proprietary to its business operations, and

4   disclosure without a Protective Order may place West American at risk of

5   substantial competitive disadvantage and/or financial harm.

6          Accordingly, to expedite the flow of information, to facilitate the prompt

7   resolution of disputes over confidentiality of discovery materials, to adequately

8   protect information the parties believe they are entitled to keep confidential, to

9   ensure that the parties are permitted reasonable necessary uses of such material in

10  preparation for and in the conduct of trial, to address their handling at the end of the

11  litigation, and serve the ends of justice, a protective order for such information is

12  justified in this matter.  The parties intend that information will not be designated as

13  confidential for tactical reasons and that nothing be so designated without a good

14  faith belief that it has been maintained in a confidential, non-public manner, and

15  there is good cause why it should not be part of the public record of this case.

16  **D.**     **Acknowledgement of Procedure for Filing Under Seal**

17         The parties also acknowledge, as set forth in Section II.K.3, that this

18  Stipulated Protective Order does not entitle them to file confidential information

19  under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

20  and the standards that will be applied when a party seeks permission from the Court

21  to file material under seal.

22         There is a strong presumption that the public has a right of access to judicial

23  proceedings and records in civil cases.  In connection with non-dispositive motions,

24  good cause must be shown to support a filing under seal.  *See Kamakana v. City and*

25  *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

26  *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*

27  *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

28  require good cause showing), and a specific showing of good cause or compelling

reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## II.

## STIPULATED PROTECTIVE ORDER

**A.**    **Definitions.**  The following definitions apply to terms used in this Protective Order.

1.    Lawsuit:  This pending lawsuit.

2.    Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

3.     "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.  "CONFIDENTIAL" Information shall not apply to the extent that Confidential Information includes information which is: (a) now or hereafter, through no unauthorized act or failure to act on the Receiving Party's part, or on the part of any other Party subject to this Protective Order, in the public domain; (b) was in the Receiving Party's possession before receipt from the Disclosing Party and obtained from a source other than the Disclosing Party and other than through the prior relationship of the Disclosing Party and the Receiving Party before the Separation Date; (c) hereafter furnished to the Receiving Party by a third party as a matter of right and without restriction on disclosure; (d) furnished to others by the Disclosing Party without restriction on disclosure; or (e) independently developed by the Receiving Party without use of the Disclosing Party's Confidential Information

4.     Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

5.     Designating Party:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

6.     Disclosure or Discovery Material:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

7.     Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Lawsuit.

8.    <u>In-House Counsel</u>:  Attorneys who are employees of a party to this Lawsuit.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

9.    <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Lawsuit.

10.   <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this Lawsuit but are retained to represent or advise a party to this Lawsuit and have appeared in this Lawsuit on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

11.   <u>Party</u>:  Any party to this Lawsuit, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

12.   <u>Producing Party</u>:  A Party or Non-Party that produces Disclosure or Discovery Material in this Lawsuit.

13.   <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

14.   <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

15.   <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**B.    <u>Scope</u>.**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  Any

-7-

1  use of Protected Material at trial will be governed by the orders of the trial judge.

2  This Order does not govern the use of Protected Material at trial.

3  **C.**   **Duration.**

4        Once a case proceeds to trial, information that was designated as

5  CONFIDENTIAL or maintained pursuant to this protective order used or introduced

6  as an exhibit at trial becomes public and will be presumptively available to all

7  members of the public, including the press, unless compelling reasons supported by

8  specific factual findings to proceed otherwise are made to the trial judge in advance

9  of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause"

10  showing for sealing documents produced in discovery from "compelling reasons"

11  standard when merits-related documents are part of court record).  Accordingly, the

12  terms of this protective order do not extend beyond the commencement of the trial

13  for any such materials.

14        Even after final disposition of this Lawsuit, the confidentiality obligations

15  imposed by this Order will remain in effect until a Designating Party agrees

16  otherwise in writing or a court order otherwise directs.  Final disposition is the later

17  of (1) dismissal of all claims and defenses in this Lawsuit, with or without prejudice;

18  and (2) final judgment herein after the completion and exhaustion of all appeals,

19  rehearings, remands, trials, or reviews of this Lawsuit, including the time limits for

20  filing any motions or applications for extension of time pursuant to applicable law.

21  **D.**   **Designating Protected Material.**

22        1.    Exercise of Restraint and Care in Designating Material for Protection

23        Each Party or Non-Party that designates information or items for protection

24  under this Order must take care to limit any such designation to specific material

25  that qualifies under the appropriate standards.  The Designating Party must

26  designate for protection only those parts of material, documents, items, or oral or

27  written communications that qualify so that other portions of the material,

28

1  documents, items, or communications for which protection is not warranted are not

2  swept unjustifiably within the ambit of this Order.

3        Mass, indiscriminate, or routinized designations are prohibited. Designations

4  that are shown to be clearly unjustified or that have been made for an improper

5  purpose (*e.g.*, to unnecessarily encumber the case development process or to impose

6  unnecessary expenses and burdens on other parties) may expose the Designating

7  Party to sanctions.

8        If it comes to a Designating Party's attention that information or items that it

9  designated for protection do not qualify for protection, that Designating Party must

10 promptly notify all other Parties that it is withdrawing the inapplicable designation.

11       2.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in

12 this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered,

13 Disclosure or Discovery Material that qualifies for protection under this Order must

14 be clearly so designated before the material is disclosed or produced. Designation in

15 conformity with this Order requires the following:

16            a.    For information in paper or electronic documentary form, the

17 Producing Party must affix the legend - - "CONFIDENTIAL" (hereinafter

18 "CONFIDENTIAL legend") - - to each page that contains protected material. If

19 only a portion or portions of the material on a page qualifies for protection, the

20 Producing Party also must clearly identify the protected portion(s) by, for example,

21 making appropriate markings in the margins.

22       A Party or Non-Party that makes original documents available for inspection

23 need not designate them for protection until after the inspecting Party has indicated

24 which documents it would like copied and produced. During the inspection and

25 before the designation, all of the material made available for inspection must be

26 treated as "CONFIDENTIAL." After the inspecting Party has identified the

27 documents it wants copied and produced, the Producing Party must determine which

28 documents, or portions thereof, qualify for protection under this Order. Then,

before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

    b. For testimony given in depositions, the Designating Party must identify all Protected Material either (i) on the record, before the close of the deposition, or (ii) as soon as reasonably practicable after receipt of the transcript, by marking the Protected Material in accordance with subparagraph a. above and notifying any other party and/or recipient of any copy of the transcript about the designations made.

    c. For tangible items or information produced in some form other than documentary, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

   3. <u>Inadvertent Failure to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

///
///
///
///
///

**E.     Challenging Confidentiality Designations.**

1.     <u>Timing of Challenges</u>.  Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

2.     <u>Meet and Confer</u>.  The Challenging Party must initiate the dispute resolution process under Local Rule 37-1 et seq.

3.     <u>Joint Stipulation</u>.  Any challenge submitted to the Court must be via a joint stipulation pursuant to Local Rule 37-2.

4.     The burden of persuasion in any such challenge proceeding is on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the Protected Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**F.     Access To And Use Of Protected Material.**

1.     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Lawsuit only for prosecuting, defending, or attempting to settle this Lawsuit.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Lawsuit has been terminated, a Receiving Party must comply with the provisions of Section L below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

///

///

2.  Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to the following people:

a.  the Receiving Party's Outside Counsel of Record in this Lawsuit, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Lawsuit;

b.  the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Lawsuit;

c.  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Lawsuit and who have signed the "Acknowledgment and Agreement to Be Bound" ("Acknowledgement Form") attached as Exhibit A to this Stipulated Protective Order;

d.  the Court and its personnel;

e.  Court reporters and their staff;

f.  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Lawsuit and who have signed a copy of the Acknowledgment Form;

g.  the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material;

h.  during their depositions, witnesses, and attorneys for witnesses, in the Lawsuit to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the Acknowledgment Form; and (2) they will not be permitted to keep any Protected Material unless they sign the Acknowledgment Form, or unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court

1   reporter and may not be disclosed to anyone except as permitted under this
2   Stipulated Protective Order; and

3            i.     any mediator or settlement officer, and their supporting
4   personnel, mutually agreed upon by any of the parties engaged in settlement
5   discussions or appointed by the Court.

6   **G.    Protected Material Subpoenaed or Ordered Produced in Other**
7   **Litigation.**

8            1.     If a Party is served with a subpoena or a court order issued in other
9   litigation that compels disclosure of any Protected Material that Party must:

10           a.     promptly notify in writing the Designating Party.  Such
11  notification must include a copy of the subpoena or court order unless prohibited by
12  law;

13           b.     promptly notify in writing the party who caused the subpoena or
14  order to issue in the other litigation that some or all of the material covered by the
15  subpoena or order is subject to this Protective Order.  Such notification must include
16  a copy of this Stipulated Protective Order; and

17           c.     cooperate with respect to all reasonable procedures sought to be
18  pursued by the Designating Party whose Protected Material may be affected.  If the
19  Designating Party timely seeks a protective order, the Party served with the
20  subpoena or court order should not produce any Protected Material before a
21  determination by the relevant court, unless the Party has obtained the Designating
22  Party's permission.  The Designating Party bears the burden and expense of seeking
23  protection in that court of its Protected Material and nothing in these provisions
24  should be construed as authorizing or encouraging a Receiving Party in this Lawsuit
25  to disobey a lawful directive from another court.

26  ///
27  ///
28  ///

SMRH:4882-3840-9492.2                                    STIPULATED PROTECTIVE ORDER

**H.     A Non-Party's Protected Material Sought In This Lawsuit.**

1.     The terms of this Order are applicable to information produced by a Non-Party in this Lawsuit and designated as "CONFIDENTIAL." Such Protected Material produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party must:

a.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

b.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Lawsuit, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.     make the information requested available for inspection by the Non-Party, if requested.

3.     If the Non-Party fails to seek a protective order from this Court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party should not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party bears the burden and expense of seeking protection in this court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Lawsuit to disobey a lawful directive from another court..

-14-

**I.**      <u>**Unauthorized Disclosure of Protected Material**</u>**.**

     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment Form.

**J.**      <u>**Inadvertent Production Of Privileged Or Protected Material**</u>**.**

     When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the court provided the Court so allows.

**K.**      <u>**Miscellaneous**</u>**.**

     1.      <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

     2.      <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

        

3.      Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**L.      Final Disposition.**

After the final disposition of this Lawsuit, as defined in paragraph 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

///

///

///

**M.**    **Sanctions.**

Any willful violation of this Order may be punished by monetary or evidentiary sanctions or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  May 31, 2022

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       _/s/ Colrena K. Johnson_
                FRANK FALZETTA
                SCOTT SVESLOSKY
                COLRENA K. JOHNSON
        Attorneys for Plaintiff and Counter-Defendant
        WEST AMERICAN INSURANCE
        COMPANY and Third-Party Defendant
        LIBERTY MUTUAL INSURANCE
        COMPANY (erroneously sued as Liberty
                Mutual Insurance)

Dated:  May 31, 2022

KAPLAN, KENEGOS & KADIN

By       _/s/ Jeremy Rosenberg_
                JERRY KAPLAN
                JOAN KENEGOS
                JEREMY ROSENBERG
        Attorneys for Defendant, Counterclaimant and
                Third-Party Plaintiff
                SHAGHAL LTD.

-17-

Dated: May 31, 2022

CHAPMAN, GLUCKSMAN, DEAN & ROEB

By     * /s/ Issa F. Mikel*

GREGORY SABO
ISSA F. MIKEL
Attorneys for Third-Party Defendant
RUBEN DAVID YOUSSEFYEH DBA
PARS AMERICAN INSURANCE AGENCY

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all signatories listed above, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Executed this 31st day of May, 2022 at Los Angeles, California.

By   * /s/ Colrena K. Johnson*

COLRENA K. JOHNSON

## **ORDER**

Having reviewed the foregoing proposed Stipulated Protective Order, and for good cause shown, the Court hereby makes the Stipulated Protective Order an Order of the Court.

IT IS SO ORDERED

DATED: June 2, 2022

HON. JEAN P. ROSENBLUTH
United States Magistrate Judge

-18-

     STIPULATED PROTECTIVE ORDER

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date of Order] in the case of *West American Insurance Company v. Shaghal, Ltd.*, Case No. 2:21-cv-07751-CJC-(JPRx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

SMRH:4882-3840-9492.2              STIPULATED PROTECTIVE ORDER

1

2

<u>**CERTIFICATE OF SERVICE**</u>

3          I hereby certify that on this 31st day of May, 2022, I electronically filed the

4    foregoing  **STIPULATION FOR ENTRY OF PROTECTIVE ORDER** with the

5    Clerk of the Court using the CM/ECF system which will send notification of such

6    filing to the following:

7    Jerry Kaplan, Esq.                          Attorneys for Defendant
     Joan Kenegos, Esq.                          SHAGHAL, LTD.
8    Jeremy Rosenberg, Esq.
     KAPLAN KENEGOS & KADIN
9    9150 WILSHIRE BOULEVARD, SUITE
     175
10   CA 90212
     Tel:  (310) 859-7700
11   Email:  jrosenberg@3klaw.com;
     jkenegos@3klaw.com;
12   office admin office@3klaw.com
     kapkenkd@pacbell.net
13

14   Joseph C. Campo, Esq.                       Attorneys for Third-Party
     LEWIS BRISBOIS BISGAARD & SMITH             Defendant
15   LLP                                         ARROWHEAD WHOLESALE
     633 West 5th Street, Suite 4000             INSURANCE SERVICES, LLC
16   Los Angeles, California 90071
     Telephone: 213.250.1800
17   Facsimile: 213.250.7900
     E-Mail: Joe.Campo@lewisbrisbois.com
18
     Gregory K. Sabo, Esq.                       Attorneys for Third Party
19   David A Napper, Esq.                        Defendant, RUBEN DAVID
     Issa F. Mikel, Esq.                         YOUSSEFYEH DBA PARS
20   CHAPMAN GLUCKSMAN DEAN &                    AMERICAN
     ROEB                                        INSURANCE AGENCY
21   A Professional Corporation
     11900 West Olympic Boulevard, Suite 800
22   Los Angeles, California 90064-0704
     Tel: (310) 207-7722
23   FAX: (310) 207-6550
     Email:  imikel@cgdrlaw.com

24

25                                    */s/ Laurie Palmer*
                                      Laurie Palmer
26

27

28

-20-